**Billy DOYLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–93–00439–CR.**

Court of Appeals of Texas,
El Paso.

Oct. 24, 1994.

Discretionary Review Refused
Feb. 15, 1995.

---

John C. Osborne, Houston, for appellant.

John Stickels, Monahans, for State.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

PER CURIAM.

This is an attempted appeal from a jury conviction for the offense of possession of marijuana in an amount less than two-hundred pounds but more than fifty pounds. The court assessed punishment at 10 years' imprisonment and a fine of $500. We dismiss the appeal for want of jurisdiction.

The case is before us presubmission on the State's motion to dismiss as well as various motions filed by Appellant. On July 22, 1993, the Appellant was found guilty by a jury of the offense of possession of marijuana in an amount less than two-hundred pounds but more than fifty pounds. Prior to trial, the Appellant elected to go to the jury for punishment. The next morning, counsel for the State and counsel for the Appellant informed the court that they had entered into an agreement that the Appellant would withdraw his election to have the jury assess punishment and have the court assess pun-

ishment at 10 years' imprisonment and a fine of five-hundred dollars. In turn the Appellant would waive his right to appeal.[1] This agreement was stated orally by the court prior to sentencing.

Then, the following exchange occurred:

COURT: The court takes the position that as soon as I enter judgment in a few moments, and sentence, that there will be no requirement at that time for an additional special waiver, but that the waiver will be presumed to have been timely submitted and accepted by the court.

The purpose is simply to be sure that after we do what he has agreed to, should the defendant change his mind, he would not be entitled to do so at that time, if we comport with what the agreement is.

Further, the Court will enter an order of commitment—

STATE: Your Honor, what you just said was the agreement entered into between the State and the defendant. The State—I didn't—

COURT: I'm about to state what I'm going to put in the commitment, if what you're meaning to say is this is not agreed to by you?

STATE: Yes, sir.

COURT: That's fine.

STATE: That is not part of the plea agreement.

COURT: That's right. Neither does it violate it? In other words, it is simply apart from? Is that what you are attempting to say?

STATE: It's not part of the plea agreement. While I don't object to it, I don't agree to it either.

COURT: All right, sir.

The order of commitment will be essentially as follows. It perhaps may be in handwriting or it perhaps may get typed up, but it will be essentially as follows:

That on July 22, 1993, the defendant, Billy Doyle, was convicted in the above entitled and numbered cause, cause number 93–416,586, The State of Texas V. Billy Doyle, was sentenced to be confined in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years and assessed a fine of $500.00.

It is hereby ordered by judgment and agreed that the defendant may remain free under his present bond until 9:00 a.m. on September 23, 1993, at or before which time he shall report to the sheriff of Ward County, Texas, to begin his confinement.

It is further ordered that the sheriff of Ward County, Texas, shall thereafter transfer the defendant to the Institutional Division of the Texas Department of Criminal Justice to serve his sentence.

It is further provided, however, that if the defendant should be formally paroled prior to his confinement, then the above requirement that he report to the sheriff of Ward County shall be abated.

The Court then sentenced the Appellant in accordance with the stated agreement. After sentencing another written waiver, entitled, *"WAIVER OF MOTION FOR NEW TRIAL, MOTION IN ARREST OF JUDG-*

---

**1.** This agreement was embodied in a hand-written document entitled *"Agreement & Stipulation."* The writing was signed by the Appellant and both counsels and it stated:

After the jury convicted the defendant of the offense charged on July 22, 1993, the State and the defendant and defendant's attorney, on this the 23rd day of July, 1993, agreed as follows:

The defendant hereby withdraws his election to have the jury assess the defendant's punishment, and I request that the court assess the punishment, in accordance with the agreement between the parties, as follows:

The defendant will be sentenced to be confined in the Institutional Division of the Texas Department of Criminal Justice for a period of 10 years and assessed a fine of *$500.00.* The defendant will be given credit for all time actually in confinement in connection with this offense since November 1, 1989. The state consents to the defendant's withdrawal of the defendant's election to have the jury assess punishment.

The defendant will waive, and he does hereby waive, his right to appeal this conviction.

*MENT, AND RIGHT OF APPEAL,"* was signed.[2]

The State contends that, as it fulfilled its part of the sentencing bargain, the Appellant should be held to his waiver of appeal and this case should be dismissed.

The Appellant maintains, on the other hand, that the agreement was involuntary because: (1) the Appellant was not properly admonished regarding giving up his appellate rights and regarding the range of punishment for the charged offense; (2) the court prejudicially and improperly participated in the sentence-bargaining process; (3) it was part of the bargain that the Appellant be paroled in absentia and not serve any further jail time;[3] and (4) the Appellant's waiver was untimely in that it occurred prior to sentencing.

■ It is well established that a defendant may waive many rights, including the right to appeal. *Smith v. State,* 858 S.W.2d 609, 611 (Tex.App.—Amarillo 1993, pet. ref'd). An accused is deemed to have agreed to the terms of the bargain (knowingly and voluntarily), as set forth by his trial counsel, unless he shows otherwise. *Id.* Although the bargain in this case was not in exchange for a plea, this situation is analogous to a plea bargaining situation. Plea bargaining consists of the State's counsel making concessions regarding specific punishment, or some other concession, in exchange for the defendant's bargain to make a plea of guilty or nolo contendere or, as in this instance, to waive some right the defendant enjoys. *Id.* at 612. The specific terms of the bargain are left to the parties, and we will not interfere with those terms unless they are manifestly

unjust. *Id.* They will be enforced unless there was a misrepresentation by the State. *Shannon v. State,* 708 S.W.2d 850, 852 (Tex. Crim.App.1986); *Smith,* 858 S.W.2d at 612.

■ Regarding the Appellant's first contention, that he was not properly admonished, we find that the second written waiver demonstrates Appellant was aware of his right to appeal and knowingly abandoned that right. Further, the Appellant provides no authority, and we find none, supporting the proposition that an accused must be admonished at sentencing regarding the range of punishment after a jury conviction.

■ Next, Appellant contends the trial judge improperly involved himself in the plea bargaining process by urging Appellant to strike a bargain and, as a corollary, that allowing the Appellant to remain on bond for sixty days constituted improper influence.

The trial court held a hearing on January 18, 1994. During this hearing testimony was adduced regarding the voluntariness of the sentence-bargain. This record reveals that after the jury returned its guilty verdict, the judge and Appellant's trial counsel had a conversation in the courthouse parking lot. The judge stated to counsel that he would be receptive to an agreement about punishment if the parties could enter into such an agreement. The Appellant contends that this statement constituted an improper judicial intrusion into the bargaining process.

A judge should avoid involvement in plea negotiations. *Coleman v. State,* 756 S.W.2d 347, 349 (Tex.App.—Houston [14th Dist.] 1988, no pet.). However, we fail to see how this initial statement involved the trial judge in the actual negotiating process. The Ap-

---

2. This document read:

NOW COMES BILLY DOYLE, Defendant, and after sentence has been imposed or suspended in open Court, and in writing and in open Court, states the following: I waive the filing and time provided for filing of a Motion for New Trial as provided in Rule 30, Texas Rules of Appellate Procedure. I further waive the filing and time provided for filing of a Motion in Arrest of Judgment as provided in Rule 33, Texas Rules of Appellate Procedure.

I, in writing, and in open Court, and joined by my counsel, having been duly sentenced in accordance with the punishment assessed and having waived the filing of a Motion for New

Trial and Motion in Arrest of Judgment, understand that I have a right to appeal my conviction and that, if I am indigent and desire to appeal counsel will be appointed at no cost to me. *Understanding all of my rights of appeal in this connection, I waive and abandon my right of appeal as provided in Rule 40, Texas Rules of Appellate Procedure.*

This document was signed by the Appellant, his counsel, and the trial judge.

3. The Appellant was unable to get paroled in absentia and turned himself in at the Ward County jail on the required date.

pellant maintains that the judge involved himself in the negotiations in that he granted the personal recognizance bond. However, the record does not reveal that it was part of the sentence-bargain. Further, such action will not invalidate the bargain. See *Jennings v. State*, 754 S.W.2d 389, 390 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd).

■ The Appellant next asserts that the bargain was involuntary because his ability to be paroled in absentia was a part of the plea bargain. In the context of a guilty plea, a guilty plea is involuntary if the Appellant's understanding of his parole eligibility is manifested as an affirmative part of the quid pro quo for pleading guilty. For a defendant to prevail on such a claim, he or she must show that parole eligibility was an element of the plea bargain. *Ex parte Hairston*, 766 S.W.2d 790, 791 (Tex.Crim.App.1989).

Here, the record reveals that counsel for the State asserted he did not think parole in absentia was possible in this case. The court made no claim that this type of parole was available nor did defense counsel. Rather, the Appellant came to this conclusion from his own private phone discussions with a women friend who worked for the Harris County District Clerk's Office and, perhaps, a discussion with some parole official. An examination of the record reveals no misrepresentation on the part of any participants in the sentencing of Appellant regarding this matter. It is clear that parole issue was not part of the sentence-bargain, but was only a matter of Appellant's subjective belief.

■ Lastly, the Appellant asserts that his waiver was untimely in that it occurred prior to sentencing. It is premature to waive the right to appeal prior to trial or sentencing. *Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex.Crim.App.1977); *Ex parte Townsend*, 538 S.W.2d 419, 420 (Tex.Crim.App.1976). This is so because a defendant has no way of knowing with certainty what punishment would be assessed or the errors that might have occurred at trial. *Smith*, 858 S.W.2d at 612. However, in the present case it is clear that a specific agreement was contemplated and Appellant could withdraw if the agreement was not adhered to by the State. Further, the Appellant signed a waiver after

sentencing, thus obviating any concern that his waiver was premature.

We find that the sentence agreement was entered into voluntarily. We grant the State's motion to dismiss the Appeal.

The following motions are dismissed as moot: motion for rehearing for findings of facts and conclusions of law to determine if Appellant is entitled to a free statement of facts and motion to disqualify trial court judge from any further proceedings and motion to amend notice of appeal.

The attempted appeal is hereby dismissed for want of jurisdiction.