Ray Wayne **CLAYBURN**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–98–324–CR.

Court of Appeals of Texas, Waco.

Jan. 20, 1999.

———

Steven A. Kelley, Waxahachie, for appellant.

Joe F. Grubbs, County & Dist. Atty., Waxahachie, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**MEMORANDUM OPINION**

PER CURIAM.

Appellant Ray Wayne Clayburn, Jr. pleaded guilty on September 28, 1998 to four

separate charges of arson. *See* TEX. PENAL CODE ANN. § 28.02(a)(2) (Vernon 1994). Without a plea recommendation, the court assessed Clayburn's punishment at ten years' imprisonment in each case to run concurrently. On October 6, Clayburn filed a *pro-se*[1] general notice of appeal. Two weeks later, Clayburn signed a written waiver of appeal in each case.

 The waivers each recite that Clayburn's attorney and the trial court advised him of his appellate rights and that:

> after having consulted with my Attorney to my own satisfaction, I am fully aware of all my Statutory and Constitutional rights in this case, and I hereby voluntarily, knowingly, and intelligently waive in open Court and after sentence has been rendered my right to file a Motion for New Trial and/or to Appeal in this case.

> That, with full understanding of the above, I hereby accept as final the judgment of conviction and the sentence herein and I respectfully request that I be allowed to commence serving the sentence herein imposed without further delay.

In addition to bearing Clayburn's signature, the waivers are signed by Clayburn's counsel and by the trial court.

A criminal defendant may waive many of his rights, including the right to appeal a conviction. *Hill v. State*, 929 S.W.2d 607, 608 (Tex.App.—Waco 1996, no pet.); *Doyle v. State*, 888 S.W.2d 514, 517 (Tex.App.—El Paso 1994, pet. ref'd); *Smith v. State*, 858 S.W.2d 609, 611 (Tex.App.—Amarillo 1993, pet. ref'd). A knowing and intelligent waiver of the right to appeal is binding on the defendant and prevents him from appealing any issue in the cause without the consent of the court. *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex.Crim.App.1978) (op. on reh'g); *Hill*, 929 S.W.2d at 608. This is true regardless of whether the waiver is made before or after notice of appeal is given. *See Conners v. State*, 966 S.W.2d 108, 109–111 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd) (accused's statement in post-trial hearing that she wanted to withdraw her appeal after having given notice of appeal

was honored by dismissal of appeal notwithstanding appellate counsel's refusal to file motion to withdraw the appeal).

The record before us does not indicate that Clayburn obtained the permission of the trial court to appeal his conviction or that he has disavowed his waiver. *See Hill*, 929 S.W.2d at 608. Accordingly, we conclude that the waiver is valid, and we dismiss the appeal.

---

1. Clayburn was represented by retained counsel when he pleaded guilty and was sentenced.