**Albert Rodriguez BLANCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00088–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted June 21, 1999.

Decided June 22, 1999.

Timothy William Avery, McKinney, for appellant.

Tom O'Connell, Dist. Atty., McKinney, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Justice GRANT.

Albert Blanco was indicted for the offense of burglary of a habitation. Blanco pleaded not guilty to the charge and was found guilty by a jury. The trial court set punishment, pursuant to an agreement between Blanco and the State, at sixteen years' confinement. Blanco appeals from this conviction. Before addressing Blanco's contention on appeal, we will address whether this appeal should be dismissed.

Following the return of the jury's verdict of guilty, and before the trial court could impose sentence, Blanco and the State reached an agreement. This agreement contained a waiver of Blanco's right to file a motion for new trial, a notice of appeal, or to prosecute an appeal. In exchange for Blanco's waivers, the State agreed to recommend that the trial court sentence Blanco to sixteen years' confinement. Blanco contends the waiver of his right to file a notice of appeal is invalid under *Ex parte Thomas,* 545 S.W.2d 469 (Tex.Crim.App.1977). In *Thomas,* the Court of Criminal Appeals stated that a "defendant is not bound by his agreement to waive appeal which is made after judgment of conviction, but before the pronouncement of sentence." *Id.* at 470.

The *Thomas* rationale had its genesis at a time when there was no statutory mechanism permitting negotiated pleas. *Bushnell v. State,* 975 S.W.2d 641, 642–43 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd). While prosecutors and defense attorneys frequently made plea bargain agreements, a defendant could not withdraw his plea if the trial court refused to follow the prosecutor's recommendation. *Id.* In addition, the courts at that time held that as a matter of law a defendant could not knowingly and intelligently waive his right to appeal prior to trial. *Ex parte Thomas,* 545 S.W.2d at 470. Furthermore, the Court of Criminal Appeals felt that a waiver may be premature if made at a time when the defendant had no way of knowing with certainty the punishment to be assessed. *See Smith v. State,* 858 S.W.2d 609, 612 (Tex.App.-Amarillo 1993, pet. ref'd). The defendant in *Thomas* blindly waived his right to appeal, hoping that the trial court would follow the State's recommendation, without knowing what that might be, and without recourse if the agreement was rejected. Under the present law, the Texas Code of Criminal Procedure provides rules and procedures designed to protect a defendant who enters into a plea agreement prior to sentencing.

*See* TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.1999).

Recent opinions from several courts of appeals have distinguished their cases from *Thomas* and have held that a waiver entered after conviction, but before pronouncement of sentence, is valid. *See, e.g., Bushnell v. State,* 975 S.W.2d 641 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd); *Turner v. State,* 956 S.W.2d 789 (Tex.App.-Waco 1997, no pet.); *Doyle v. State,* 888 S.W.2d 514 (Tex.App.-El Paso 1994, pet. ref'd); *see also Delatorre v. State,* 957 S.W.2d 145, 149 (Tex.App.-Austin 1997, pet. ref'd). In *Bushnell,* the Houston court dismissed his appeal for want of jurisdiction, holding that a waiver similar to the one in Blanco's case is valid and appellant should be held to his bargain. The Houston Court of Appeals stated that

[T]he rationale for the rule in *Thomas* is based upon the three concerns recited in *Ex parte Dickey,* 543 S.W.2d 99 (Tex. Crim.App.1976), i.e., at the time the waiver was made (1) the right to appeal had not yet matured, (2) the defendant had no way of knowing with certainty the punishment that would be assessed, and (3) he could not anticipate the errors that might occur during the plea proceeding.

*Bushnell,* 975 S.W.2d at 643.

The Houston court concluded that none of these three concerns was present in Bushnell's appeal because (1) a notice of appeal is effective even if given prematurely; (2) a defendant knows that if the court accepts his plea, the punishment assessed against him will be the same punishment he agreed to during the plea negotiations; and (3) appellant cannot say under the record before the court that he was unaware of the errors that might be committed during his trial because he did not waive his right to appeal until the trial had reached its conclusion and the jury had already found appellant guilty. All that remained was the issue of punishment, and by agreeing to a fixed punishment, appellant removed any possible source of error

which could have arisen during the punishment phase of the trial. *Bushnell,* 975 S.W.2d at 643–44 (citing *Panelli v. State,* 709 S.W.2d 655, 657 (Tex.Crim.App.1986)). The court concluded by stating that when appellant finally entered into negotiations with the State, he was left with very little bargaining power; the only thing he could offer the State in exchange for a fixed punishment was his right to appeal. *Bushnell,* 975 S.W.2d at 644.

The Waco Court of Appeals in *Turner* dismissed Turner's appeal, holding that a waiver such as the one in Blanco's case is valid and binding. The Waco Court of Appeals stated that

A criminal defendant may waive many of his rights, including the right to appeal a conviction. *Hill,* 929 S.W.2d at 608 [*Hill v. State,* 929 S.W.2d 607, 608 (Tex.App.-Waco 1996, no pet.) ]; *Freeman v. State,* 913 S.W.2d 714, 717 (Tex.App.-Amarillo 1995, no pet.); *Doyle v. State,* 888 S.W.2d 514, 517 (Tex.App.-El Paso 1994, pet. ref'd); *Perez v. State,* 885 S.W.2d 568, 570 (Tex.App.-El Paso 1994, no pet.); *Smith v. State,* 858 S.W.2d 609, 611 (Tex.App.-Amarillo 1993, pet. ref'd). A knowing and intelligent waiver of the right to appeal is binding on the defendant and prevents him from appealing any issue in the cause without the consent of the court. *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Crim.App.1978); *Hill,* 929 S.W.2d at 608; *Freeman,* 913 S.W.2d at 717; *Perez,* 885 S.W.2d at 570; *Smith,* 858 S.W.2d at 611. Merely filing a notice of appeal is not sufficient to overcome the waiver. *Tabor,* 565 S.W.2d at 946; *Hill,* 929 S.W.2d at 608; [*Perez* ], 885 S.W.2d at 568.

*Turner,* 956 S.W.2d at 790.

In *Doyle,* the El Paso court dismissed his appeal for want of jurisdiction and held that an agreement similar to the agreement in Blanco's case was valid. The court stated that such an agreement does not conflict with the Court of Criminal Appeals' holding in *Thomas* when an agreement allows a defendant to know with certainty what punishment will be assessed and what errors might have occurred at trial. *See Doyle,* 888 S.W.2d at 518.

In the present case, Blanco's attorney thoroughly questioned Blanco about his desire to waive his rights in exchange for the State's recommendation of sixteen years' confinement. The record reflects the following exchange between Blanco and his attorney:

Q: Now, you just also entered into an agreement as to stipulation—an agreement as to the punishment to be recommended to the Court; is that right?

A: Yes, sir.

Q: Now, you and I have discussed shortly after the trial during the break with regards to maybe possible grounds for an appeal in this case; is that right?

A: Yes, it is.

Q: And understanding that I've explained to you that there could be some possible grounds for an appeal, I also secured an offer from the State in regards to a recommendation; is that right?

A: Yes.

Q: And I explained to you that that recommendation would be for 16 years in the Texas Department of Criminal Justice, Institutional Division; is that right?

A: Yes.

Q: After discussing with me in regards to the agreement made—well, in regards to the offer made by the State of 16 years and also in a discussion in regards to your rights to appeal this case and file a Motion for New Trial, is it your desire to enter at this time that agreement to recommend to the Court that you be sentenced to 16 years?

A: Yes.

Q: You understand by—if the Court follows that agreement and by you signing that document that you have agreed

for that recommendation to be made to the Court; that you waive all rights that you have to file a Motion for New Trial in regards to this case?

A: Yes.

Q: The same question in regards that you waive all rights to file a Notice of an Appeal, to prosecute an appeal in this case; do you understand that?

A: Yes.

Q: But is that still your desire to enter into that agreement and waive those rights to file a Motion for New Trial and Notice of Appeal so that it can be recommended by an agreement between you, me and also the State prosecution that your sentence be 16 years in the Texas Department of Criminal Justice, Institutional Division. Is that what you wish to do?

A: Yes.

Q: Are you satisfied with my representation in this case?

A: Yes, I was.

Q: And were you satisfied as far as me explaining the law to you in regards to—during the guilt and innocence stage of the trial, and also in regards to the rights that you have if you are—were convicted of this crime?

A: Yes.

Q: And have I explained to your satisfaction those rights that you have had in regards to filing a Motion for New Trial and prosecuting an appeal in regards to being convicted in this case?

A: Yes, you have.

Blanco continued to acknowledge that he understood and was aware of his rights and that he was willfully waiving his right to appeal, et al, in exchange for the State's recommendation of sixteen years' confinement. Following this, the trial court accepted and approved the agreement and set Blanco's punishment pursuant to the agreement.

It is apparent to this Court that Blanco knowingly and voluntarily entered into this agreement. Furthermore, as in *Bushnell*, *Turner*, and *Doyle*, the injustice and uncertainties which *Thomas* was meant to prevent do not exist in this case. Blanco had a right to appeal and a premature notice of appeal would have been effective. Also, Blanco knew with certainty what punishment would be assessed. Finally, he was aware that appealable errors might have occurred at trial.

It is well established that a criminal defendant may waive many of his rights, including the right to appeal. *Smith*, 858 S.W.2d at 611 (citing *Faulder v. Hill*, 612 S.W.2d 512, 514 (Tex.Crim.App.1980)). The Houston Court of Appeals correctly explained the situation which existed at the time of such an agreement. When Blanco entered into negotiations with the State, he was left with very little bargaining power. The only thing he could offer the State in exchange for a fixed punishment was his right to appeal. Blanco was faced with a range of punishment between five to ninety-nine years, or life, and he decided to make a deal rather than to leave the decision of punishment in the hands of the judge. We think that Blanco should be held to his bargain.

Accordingly, we find Blanco's waiver of appeal is valid and dismiss the appeal.