Jeff D. Tate v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-053-CR

     JEFF D. TATE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 99-11-7065
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A grand jury indicted Jeff D. Tate for the offense of burglary of a habitation. See Act of
May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 30.02(a)(1), (c)(2), 1993 Tex. Gen. Laws
3586, 3633 (amended 1999) (current version at Tex. Penal Code Ann. § 30.02(a)(1), (c)(2)
(Vernon Supp. 2000)). Tate pleaded guilty to the lesser-included offense of burglary of a
building. See Tex. Pen. Code Ann. § 30.02(c)(1) (Vernon Supp. 2000). Pursuant to the
State’s plea recommendation, the court assessed Tate’s punishment at eighteen months’
confinement in a state jail facility. Seven days later, Tate filed a pro-se


 notice of appeal.
      At the time of sentencing, Tate signed a document waiving his right of appeal. Tate’s
counsel also signed the waiver, affirming her belief that Tate “fully understands his right of
appeal and desires for valid reasons to waive such right.” A criminal defendant may waive
many of his rights, including the right to appeal a conviction. Clayburn v. State, 985 S.W.2d
624, 625 (Tex. App.—Waco 1998, no pet.); Doyle v. State, 888 S.W.2d 514, 517 (Tex.
App.—El Paso 1994, pet. ref'd). A knowing and intelligent waiver of the right to appeal is
binding on the defendant and prevents him from appealing any issue in the cause without the
consent of the court. Ex parte Tabor, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978) (op. on
reh’g); Clayburn, 985 S.W.2d at 625.
      The record before us does not indicate that Tate obtained the permission of the trial court
to appeal his conviction or that he has disavowed his waiver. See Clayburn, 985 S.W.2d at
625. Accordingly, we conclude that the waiver is valid, and we dismiss the appeal.
 
                                                                   PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed March 15, 2000
Do not publish