**Terrence P. BRUNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–220–CR.**

Court of Appeals of Texas, Waco.

Oct. 24, 2001.

Rehearing Overruled Oct. 24, 2001.

Keith Bradley, Bradley & Bradley, Cleburne, for appellant.

David W. Vernon, Johnson County Asst. Dist. Atty., Cleburne, for appellee.

Before Chief Justice DAVIS, Justices VANCE, and GRAY.

## MEMORANDUM OPINION DENYING REHEARING

PER CURIAM.

Terrence Brunson pled guilty to indecency with a child and was placed on deferred adjudication. As part of the plea agreement, Brunson waived his right to appeal. On motion of the State, the Court proceeded to adjudication. Brunson filed a notice of appeal. We dismissed the appeal on August 15, 2001, because we found that Brunson had waived his right to appeal at the time he plea-bargained for a recommendation as to the sentence. *Clayburn v. State*, 985 S.W.2d 624, 625 (Tex. App.—Waco 1999, no pet.); *Doyle v. State*, 888 S.W.2d 514, 517 (Tex.App.—El Paso 1994, pet. ref'd).

Brunson filed a motion for rehearing in which he asserts that he is not attempting to appeal the adjudication, but rather the revocation of his probation.

The order granting deferred adjudication community supervision is dated September 27, 1999. On March 29, 2001, the State filed its third amended motion to proceed with adjudication, alleging seven violations of the community supervision order. On May 2, 2001, the court found that Brunson had violation the conditions of the "probation order," adjudicated his guilt, and sentenced him to six years in prison.

Notwithstanding that the order of May 2 "revokes" Brunson's "probation," it is the order by which the court adjudicated his guilt.

A trial court's determination to proceed with adjudication of guilt is not appealable. *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999); Tex.Code Crim. Proc. Ann. Article 42.12, § 5(b) ("The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. . . ."). Given the plain meaning of Article 42.12, § 5(b), an appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication-of-guilt process. *Id.* at 741.

We have no jurisdiction to hear this appeal. Our dismissal of August 15, 2001, was correct. The motion for rehearing is denied.