In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00095-CR


______________________________




CHARA KAY WILSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 25,617-b




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Chara Kay Wilson appeals the imposition of her sentence of two years in a state jail facility
for her conviction for forgery in a criminal episode as a result of her community supervision being
revoked based on certain violations of the conditions of her community supervision, including
additional forgeries.

 Wilson contends her two-year sentence violates her right under the Eighth Amendment to
the United States Constitution because the punishment is grossly disproportionate to the offense. 
U.S. Const. amend. VIII.

 In 1998 Wilson pleaded guilty, without a plea bargaining agreement, to the offense of forgery
in a criminal episode. The trial court sentenced her to two years' confinement in a state jail facility,
but suspended imposition of the prison term and placed Wilson on community supervision for a
period of four years. Wilson had forged checks taken from a friend's house, had returned the
checkbook, and had turned herself in to the police.

 On February 5, 2001, the State filed an Application for Revocation of Wilson's community
supervision. Without a plea bargaining agreement, Wilson stipulated to the evidence and pleaded
"true" to the allegations contained in the State's application. After hearing testimony, the trial court
revoked Wilson's community supervision and imposed a sentence of two years in a state jail facility. 

 Wilson's revocation of community supervision was based on her violation of two conditions
of her community supervision: not committing any offenses and performing a certain amount of
community service. Wilson committed five acts of intentionally or knowingly altering a writing so
it purported to be the act of another who did not authorize the act, with intent to defraud or harm
another. The writings Wilson altered were her community service reports. In addition, Wilson failed
to perform her allotted hours of community service.

 The State contends that Wilson failed to preserve the issue for appeal. We first address the
question of whether we have jurisdiction to consider the merits of the appeal. This court has
jurisdiction to review only the trial court's decision to revoke appellant's community supervision. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2002). Therefore, at least to the
extent Wilson contends her sentence is disproportionate to her original offense, this court lacks
jurisdiction to consider the appeal. Id. We must next determine if this court has jurisdiction to
consider Wilson's appeal to the extent that it challenges the trial court's revocation of Wilson's
community supervision. 

 Under Texas law, a defendant in a noncapital criminal case "may waive any rights secured
him by law." Tex. Code Crim. Proc. Ann. art. 1.14(a) (Vernon Supp. 2002). A defendant's
knowing and intelligent waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court. See Blanco v. State, 18 S.W.3d 218, 219 (Tex. Crim. App.
2000) (defendant bound by waiver when defendant knew what his punishment would be if the trial
court accepted his plea); Ex parte Tabor, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978). "[N]o attack
on the waiver of the right to appeal [will] be entertained in the absence of factual allegations
supporting the claim that the waiver was coerced or involuntary." Tabor, 565 S.W.2d at 946.

 Discussing Wilson's revocation of community supervision in 2001, the trial court pronounced
her community supervision revoked, imposed her sentence of two years in a state jail facility with
credit for time served, and asked, "Any reason in law that sentence should not now be formally
pronounced?" Wilson's counsel answered that there was not and, after some discussion with her
client, Wilson's counsel presented a waiver of the right to file a motion for new trial and a waiver
of the right of appeal. The trial court again asked if Wilson understood she was giving up a valuable
right; she responded she did, and the trial court said, "So be it."

 There is no indication in the record that the trial court gave Wilson permission to appeal
despite the waiver. Although Wilson filed a Motion for New Trial after revocation, the trial court
did not act on the motion. The filing of a motion for new trial or notice of appeal does not withdraw
or affect a prior waiver of appeal. See Clayburn v. State, 985 S.W.2d 624, 625 (Tex. App.-Waco
1999, no pet.). Wilson does not contend on appeal the waiver was not made intelligently and
knowingly. We find Wilson waived the right to appeal. 


 The appeal is therefore dismissed for want of jurisdiction. 





 Ben Z. Grant

 Justice


Date Submitted: August 6, 2002

Date Decided: August 14, 2002


Do Not Publish


ON MOTION FOR REHEARING


 Counsel argues on motion for rehearing that we should not have addressed the jurisdictional
issue because it was not raised by the parties for our consideration. Each court has the jurisdiction
to determine whether it has jurisdiction. State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App.
1996). The lack of jurisdiction is fundamental error and is appealable at any time, even if raised for
the first time on appeal. Stine v. State, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995). Further, it is
fundamental that the parties to a suit can neither confer nor waive jurisdiction by agreement or
consent. Id.; Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). If we have no authority
to act, we must acknowledge that fact and must inquire into our own jurisdiction, even if it is
necessary to do so sua sponte. Aguilar v. Weber, 72 S.W.3d 729, 731 (Tex. App.-Waco 2002, no
pet. h.).

 The jurisdiction of the "court must be legally invoked, and when not legally invoked, the
power of the court to act is as absent as if it did not exist." Olivo v. State, 918 S.W.2d 519, 523 (Tex.
Crim. App. 1996). When a court determines that it has no jurisdiction to decide the merits of an
appeal, the proper action is to dismiss. Mendez v. State, 914 S.W.2d 579, 580 (Tex. Crim. App.
1996). 

 The motion for rehearing is overruled.




 Ben Z. Grant

 Justice


Date Submitted: September 30, 2002

Date Decided: October 1, 2002


Do Not Publish