Don Clanton v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-049-CR
No. 10-03-050-CR
No. 10-03-051-CR

     DON CLANTON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 176th District Court
Harris County, Texas
Trial Court Nos. 931,644, 931,645 and 931,646
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Don Clanton pleaded guilty to 2 charges of aggravated robbery and one charge of aggravated
kidnapping in the underlying causes of action. Pursuant to a plea agreement, the court assessed
his punishment at thirty-five years’ confinement in each case. Clanton and his trial counsel signed
a waiver of appeal in each case as a part of the plea proceedings.
      Because Clanton waived his right to appeal, we dismiss these appeals.


 See Blanco v. State,
18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000); Clayburn v. State, 985 S.W.2d 624, 625 (Tex.
App.—Waco 1999, no pet.) (per curiam).
 
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed March 5, 2003
Do not publish
[CRPM]



nmate.
      Section 14.004 provides: a) an inmate who files an affidavit or unsworn declaration of
inability to pay costs shall file a separate affidavit of declaration: 1) identifying each suit
previously brought by the person, and in which the person was not represented by an attorney; and
2) describing each suit that was previously brought by: A) stating the operative facts for which
relief was sought; B) listing the case name, cause number, and the court in which the suit was
brought; C) identifying each party named in the suit, including whether the suit was dismissed as
frivolous or malicious, or otherwise; b) if the affidavit or unsworn declaration filed under this
section states that a previous suit was dismissed as frivolous or malicious, the affidavit or unsworn
declaration must state the date of the final order affirming the dismissal; c) the affidavit or
unsworn declaration must be accompanied by the certified copy of the trust account statement from
the department.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939). Stated another
way, was the act of the court arbitrary or unreasonable. Smith v. Cessna Aircraft Co., 665
S.W.2d 439, 443 (Tex. 1984).
      Appellant did not include all of the previous lawsuits he had filed. He listed 24 previous
lawsuits. The record before us lists 57 lawsuits that Appellant had filed. Appellant further did
not provide all of the required information about each of the lawsuits that he did list. Chapter 14
does not require a list of some of the lawsuits previously filed by an inmate. It mandates that all
of the convicts previously filed lawsuits be named, along with the additionally required
information.
      Appellant’s petition was not accompanied by an affidavit or unsworn declaration required by
Section 14.004. Thus, there was no abuse of discretion in the trial court’s dismissal of Appellant’s
lawsuit. Hickson v. State, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). Bell v. Texas
Dept. of Criminal Justice - Institutional Division, 962 S.W.2d 156, 157 (Tex. App.—Houston
[14th Dist.] 1998, writ denied).
      As to Appellant’s constitutional challenge to Section 14.004, Tex. Civ. Prac. & Rem. Code,
Section 14.004 has been held to be constitutional. Thomas v. Wichita General Hospital, 952
S.W.2d 936, 940 (Tex. App.—Ft. Worth 1997, writ denied).
      Appellant finally complains of the trial court’s assessment of costs against him. Sections
14.006 and 14.007, Tex. Civ. Prac. & Rem. Code specifically authorize a trial court to order
an inmate to pay court costs and to mail a copy of the Court’s order and a certified bill of costs
to the Texas Department of Criminal Justice.
      All of Appellant’s issues are overruled.
      The judgment is affirmed.

                                                                   FRANK G. McDONALD
                                                                   Chief Justice (Retired)

Before Justice Vance,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 6, 2001
Do not publish