IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-05-00243-CV

 

In the
Interest of

R.S.,
T.S., R.A.S., M.P., and D.P., Children

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No.
03-12-33003-BCFM

 



MEMORANDUM  Opinion



 

Appellants have filed a “Motion to Dismiss
Appeal.”  See Tex. R. App. P. 42.1(a)(1). 
Appellants have personally signed the motion.

The motion states that Appellants’ counsel
conferred with the ad litem and with opposing counsel and that they do not
oppose the motion.  Dismissal of this cause would not prevent a party from
seeking relief to which it would otherwise be entitled.

Appellants’ motion to dismiss is granted.  The appeal
is dismissed.




 

 

 

PER CURIAM

 

Before Chief Justice
Gray,

          Justice
Vance, and

          Justice Reyna

Appeal dismissed

Opinion delivered and
filed October 12, 2005

[CV06]








 






0;                                                                  
                                                                                                         
O P I N I O N
                                                                                                                

      A grand jury indicted Jeff D. Tate for the offense of burglary of a habitation. See Act of
May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 30.02(a)(1), (c)(2), 1993 Tex. Gen. Laws
3586, 3633 (amended 1999) (current version at Tex. Penal Code Ann. § 30.02(a)(1), (c)(2)
(Vernon Supp. 2000)). Tate pleaded guilty to the lesser-included offense of burglary of a
building. See Tex. Pen. Code Ann. § 30.02(c)(1) (Vernon Supp. 2000). Pursuant to the
State’s plea recommendation, the court assessed Tate’s punishment at eighteen months’
confinement in a state jail facility. Seven days later, Tate filed a pro-se


 notice of appeal.
      At the time of sentencing, Tate signed a document waiving his right of appeal. Tate’s
counsel also signed the waiver, affirming her belief that Tate “fully understands his right of
appeal and desires for valid reasons to waive such right.” A criminal defendant may waive
many of his rights, including the right to appeal a conviction. Clayburn v. State, 985 S.W.2d
624, 625 (Tex. App.—Waco 1998, no pet.); Doyle v. State, 888 S.W.2d 514, 517 (Tex.
App.—El Paso 1994, pet. ref'd). A knowing and intelligent waiver of the right to appeal is
binding on the defendant and prevents him from appealing any issue in the cause without the
consent of the court. Ex parte Tabor, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978) (op. on
reh’g); Clayburn, 985 S.W.2d at 625.
      The record before us does not indicate that Tate obtained the permission of the trial court
to appeal his conviction or that he has disavowed his waiver. See Clayburn, 985 S.W.2d at
625. Accordingly, we conclude that the waiver is valid, and we dismiss the appeal.
 
                                                                   PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed March 15, 2000
Do not publish