**Loubaba ALZARKA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14-00-00837-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 26, 2001.

Discretionary Review Granted
Jan. 9, 2002.

Bib Wicoff, Houston, for appellant.

Renee Ann Mueller, Dist. Atty., Stephen C. Taylor, Galveston, Atty. Pro. Tem., for the State.

Panel consists of Justices ANDERSON, HUDSON, and SEYMORE.

**OPINION**

J. HARVEY HUDSON, Justice.

Appellant was charged in a two-count indictment with possession of cocaine and

possession of phencyclidine. After the trial court denied her motion to suppress, appellant pleaded guilty pursuant to a plea bargain agreement with the State. On July 10, 2000, in accordance with the plea agreement, the trial court deferred a finding of guilt and placed appellant on community supervision for five years. That same day, appellant filed a notice of appeal. On appeal, appellant raises three points of error: two points challenging the trial court's decision to deny the motion to suppress, and one point challenging the sufficiency of the evidence to sustain count two of the indictment. We dismiss.

In connection with both counts of the indictment, appellant signed a sworn "Plea of Guilty, Waiver, Stipulation, & Judicial Confession." That documents reads, in pertinent part:

> I further understand that in the event I am convicted I have the legâl right of appeal to the court of Criminal Appeals of Texas, and also the right to be represented on appeal by an attorney of my choice or if I am too poor to pay for such attorney or the record on appeal, the Court will, without expense to me, provide an attorney and a proper record for such an appeal, but after consulting with my attorney, *I voluntarily, knowingly and intelligently, waive my right to appeal.*

(emphasis added). The plea document was also signed by appellant's trial counsel, the Washington County District Clerk, the district attorney, and the trial judge.

The issue we must consider in this appeal is whether appellant's waiver of the right to appeal was valid, even though it was entered "prior to trial." We find that it was.

■ While post-sentencing waivers have always been binding on a defendant, *see, e.g., Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Crim.App.1978), in 1976, the Court of Criminal Appeals held that a waiver of appeal made "prior to trial" could not bind a defendant because it could never be made knowingly and voluntarily. *Ex parte Townsend,* 538 S.W.2d 419, 420 (Tex.Crim. App.1976). The court then applied the same rule to waivers of appeal made after conviction, but before punishment or sentencing. *See Ex parte Thomas,* 545 S.W.2d 469, 470 (Tex.Crim.App.1977).

The rationale behind *Townsend* and *Thomas* is three-fold. *Bushnell v. State,* 975 S.W.2d 641, 643 (Tex.App.—Houston [14th Dist.] 1998, pet ref'd). First, the court reasoned that a pretrial waiver of the right to appeal is involuntary and cannot be knowingly and intelligently made because "the defendant has no way of knowing with certainty the punishment that will be assessed." *Townsend,* 538 S.W.2d at 420. The defendant could not be certain of his punishment because at the time of *Townsend* and *Thomas,* there was no statutory mechanism permitting negotiated pleas. *Bushnell,* 975 S.W.2d at 642. If the defendant and the prosecutor did enter into a plea agreement, the defendant could not withdraw his plea if the trial court refused to follow the prosecutor's recommendation. *Id.* (citing *Cruz v. State,* 530 S.W.2d 817, 821 (Tex.Crim.App. 1975)). Moreover, the trial court could not accept a guilty plea if it was influenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt. *Id.* Thus, the existence of any plea agreement was often hidden from the trial court out of concern that the knowledge of the agreement might be considered an improper inducement, prompting the trial court to reject the State's recommendation.

Second, the court determined that a pretrial waiver is involuntary and cannot be knowingly and intelligently made because

the defendant cannot anticipate the errors that may occur during trial. *Townsend,* 538 S.W.2d at 420. Finally, any pretrial waiver of the right to appeal was invalid because the defendant's right of appeal had not yet matured. *See Bushnell,* 975 S.W.2d at 643 (explaining that when *Townsend* and *Thomas* were decided, premature notice of appeal was ineffective). It was impossible for the courts to conceive of a waiver of a right that had not yet matured.

Based on this reasoning, the courts held for years that any pretrial waivers or waivers made after conviction but before imposition of sentence were invalid. Recently, however, the Court of Criminal Appeals retreated from the holding in *Thomas.* *See Blanco v. State,* 18 S.W.3d 218, 219–220 (Tex.Crim.App.2000). *See also Bushnell,* 975 S.W.2d at 644; *Turner v. State,* 956 S.W.2d 789, 790 (Tex.App.—Waco 1997, no pet.); *Doyle v. State,* 888 S.W.2d 514, 518 (Tex.App.—El Paso 1994, pet. ref'd). In *Blanco,* a jury convicted the defendant of burglary. 18 S.W.3d at 219. After the conviction, but before sentencing, the defendant and the State entered into an agreement by which the State promised to recommend a sixteen-year sentence and, in exchange, the appellant promised not to appeal his conviction. *Id.* The State recommended a sixteen-year sentence and the trial court followed the recommendation; however, the appellant reneged on the deal when he appealed his conviction. *Id.*

The Texarkana Court of Appeals held the appellant should be kept to his bargain and dismissed the appeal. *Blanco v. State,* 996 S.W.2d 345, 348 (Tex.App.—Texarkana 1999), *aff'd,* 18 S.W.3d 218 (Tex.Crim.App. 2000). On petition for discretionary review, the Court of Criminal Appeals agreed, holding that the considerations that led to the decisions in *Townsend* and *Thomas* are less compelling in cases where the trial court follows the State's sentenc-

ing recommendation. *Blanco,* 18 S.W.3d at 219–20. Finding the appellant was fully aware of the likely consequences when he waived his right to appeal, it was not unfair to expect him to live with those consequences. *Id.* at 220 (citing *Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 2547–48, 81 L.Ed.2d 437 (1984)). The court noted that its decision advances "valid and important public policy concerns of moving cases through the system with benefits to both defendants and the general public." *Id.*

We recognize that *Blanco* involved an agreement entered into after conviction but before sentencing, while in this case, the agreement was pretrial. However, we find the underpinnings of *Blanco* applicable. We hold that the three-fold reasoning behind *Townsend* and *Thomas* is no longer viable with respect either to waivers entered into after conviction but before sentencing or pretrial waivers.

The first concern expressed in *Townsend* and *Thomas*—that a pretrial waiver cannot be knowingly and intelligently made because the defendant has no way of knowing the punishment that will be assessed and cannot withdraw his plea once entered-is no longer viable. Article 26.13 of the Texas Code of Criminal Procedure now provides that before a trial court can accept a plea of guilty, it must inform the defendant whether it will follow or reject the plea agreement. TEX.CODE CRIM.PROC. ANN. Art. 26.13(a)(2) (Vernon Supp.2001). Moreover, should the trial court reject the agreement, the defendant must be permitted to withdraw his plea of guilty. *Id.* Thus, any uncertainty over the punishment that might be assessed no longer exists.

The second concern—that a pretrial waiver is involuntary and cannot be knowingly and intelligently made because the defendant cannot anticipate the errors that may occur during trial—has likewise

◼ ◼◼◼◼◼◼◼◼◼

been satisfied by the advent of negotiated pleas. When a defendant pleads guilty, he waives a jury trial and all rights associated with it. In essence, the plea hearing is the defendant's "trial." In the context of a negotiated plea, absent an objection, we presume every aspect of the procedure was agreed upon by the parties. Here, appellant made a written judicial confession and waived his right to trial by jury, his Fifth Amendment right to remain silent, and his Sixth Amendment right to confront the witnesses against him.[1] All that remained was for the trial court to assess punishment in accordance with the plea agreement.

Finally, the concern that any pretrial waiver of the right to appeal is invalid because the right to appeal has not yet matured is no longer valid. Rule 27.1(b) of the Texas Rules of Appellate Procedure states that in a criminal case, a prematurely filed notice of appeal *is effective* and deemed filed on the same day, but after, sentence is imposed or suspended in open court. TEX.R.APP.P. 27.1(b) (emphasis added); *see Littleton v. State,* 33 S.W.3d 41, 43 (Tex.App.—Texarkana 2000, pet. ref'd).

◼ In this case and others, the concerns that once plagued the courts of this State with regard to pretrial waivers of the right to appeal no longer exist. They have been alleviated by changes to the Texas Code of Criminal Procedure and the Texas Rules of Appellate Procedure. In this case, the record reflects appellant's rights and the consequences of the waiver of those rights were explained to and understood by appellant. Appellant was informed of his right to appeal and a premature notice of appeal would have been effective. Appellant knew with certainty the punishment he would receive and that

he could withdraw his plea if the trial court did not act in accordance with the plea agreement. Appellant could have declined to waive his right to appeal and sought an agreement with the State that expressly deleted that waiver from the agreement. Yet, appellant chose to enter into an agreement that included a waiver of his right to appeal. As appellant was fully aware of the consequences when he waived his right to appeal, it is "not unfair to expect him to live with those consequences now." *Mabry,* 104 S.Ct. at 2547–48. We conclude appellant's pretrial waiver was valid and enforceable.

Accordingly, based on appellant's waiver of his right to appeal, we dismiss the appeal.

---

1. In the context of a negotiated plea, Rule 25.2(b) of the Rules of Appellate Procedure does not permit the voluntariness of the plea to be raised on appeal. *Cooper v. State,* 45 S.W.3d 77, 84 (Tex.Crim.App.2001).