Dismissed and Opinion filed May 9, 2002









Dismissed
and Opinion filed May 9, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00127-CR

____________

 

DARREN KEITH ANDREWS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
184th District Court

Harris
County, Texas

Trial Court Cause
No. 871,217

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
entered a guilty plea to the offense of possession of a firearm by a
felon.  In accordance with the terms of a
plea bargain agreement with the State, on December 26, 2001, the trial court
sentenced appellant to confinement for two years in the Institutional Division
of the Texas Department of Criminal Justice. 
As part of the plea bargain agreement, appellant signed a written waiver
of his right to appeal.  We dismiss. 








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a general notice of appeal
that did not comply with the requirements of Rule 25.2(b)(3) of the Texas Rules
of Appellate Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v.
Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  

Moreover,
appellant entered a guilty plea, signed a written waiver of his right to
appeal, and the trial court followed the plea bargain agreement in assessing
punishment.  Despite having waived the
right to appeal, appellant filed a notice of appeal.  Appellant chose to enter into an agreement
that included a waiver of the right to appeal. 
Appellant was informed of his right to appeal, knew with certainty the
punishment he would receive, and that he could withdraw his plea if the trial
court did not act in accordance with the plea agreement.  As appellant was fully aware of the
consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. filed September 28,
2001) (quoting Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48
(1984)); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.CHouston [1st Dist.] 2001, no
pet.).  

 








Accordingly,
we dismiss the appeal.  

 

PER CURIAM

 

 

Judgment rendered and Opinion filed May 9, 2002.

Panel consists of Chief Justice Brister and Justices
Anderson and Frost.

Do Not Publish C Tex. R. App. P. 47.3(b).