Dismissed and Opinion filed June 20, 2002









Dismissed and Opinion filed June 20, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00475-CR

____________

 

VICTOR R. VARGAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
337th District Court

Harris
County, Texas

Trial Court Cause
No. 903,048

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
entered a plea of guilty to the offense of possession of heroin with the intent
to deliver it.   In accordance with the
terms of a plea bargain agreement with the State, on April 5, 2002, the trial
court sentenced appellant to confinement for three years in the Institutional
Division of the Texas Department of Criminal Justice.  Because we have no jurisdiction over this
appeal, we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a timely general notice of
appeal that did not comply with the requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus, appellant may not file an amended notice of appeal to
correct jurisdictional defects.  State
v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  

Not only
must the specific notice of appeal recite the applicable extra-notice
requirements, the record must substantiate the recitations in the notice of
appeal.  Betz v. State, 36 S.W.3d
227, 228-29 (Tex. App.CHouston [14th Dist.] 2001, no pet.); Sherman v. State,
12 S.W.3d 489, 492 (Tex. App.CDallas 1999, no pet.). 
Statements required by the rule to be in the notice of appeal must be true
to confer jurisdiction; mere allegations are not sufficient.  Sherman, 12 S.W.3d at 492.  (emphasis in the original).  Noncompliance, in either form or substance,
results in a failure to properly invoke the appellate court=s jurisdiction over an appeal to
which Rule 25.2(b)(3) is applicable.  Id.  Here, appellant merely recited the rule in
his notice of appeal.  The record
reflects no jurisdictional errors, the trial court specifically denied
permission to appeal and the record contains no rulings on any pretrial
motions.








Moreover,
appellant signed a written waiver of his right to appeal.  Despite having waived the right to appeal,
appellant filed a notice of appeal. 
Appellant chose to enter into an agreement that included a waiver of the
right to appeal.  Appellant was informed
of his right to appeal, knew with certainty the punishment he would receive, and
that he could withdraw his plea if the trial court did not act in accordance
with the plea agreement.  As appellant
was fully aware of the consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.CHouston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48 (1984)).  See also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278
(Tex. App.CHouston [1st Dist.] 2001, no
pet.).  

Accordingly,
we dismiss the appeal for want of jurisdiction. 


 

 

PER CURIAM

 

 

Judgment rendered and Opinion filed June 20, 2002.

Panel consists of Chief Justice Brister and Justices
Anderson and Frost.

Do Not Publish C Tex. R. App. P. 47.3(b).