Dismissed and Opinion filed June 20, 2002









Dismissed and Opinion filed June 20, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00439-CR

____________

 

LEONARD SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 25th District Court

Colorado County, Texas

Trial Court Cause No. CR 01-81

 



 

M E M O R A N D U M  O P I N I O N

After a negotiated guilty plea, appellant was convicted of
the offense of sexual assault and sentenced to confinement in the Institutional
Division of the Texas Department of Criminal Justice for twenty years on
January 17, 2002.  No motion for new
trial was filed.  Appellant=s notice of appeal was not filed
until April 17, 2002.








A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of
appeal which complies with the requirements of Rule 26 is essential to vest the
court of appeals with jurisdiction.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim.
App. 1998).  If an appeal is not timely
perfected, a court of appeals does not obtain jurisdiction to address the
merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.  See id. 
Appellant=s notice of appeal is untimely.

To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Appellant filed a general notice of appeal that did not comply with the
requirements of Rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and
the punishment assessed does not exceed the punishment recommended by the State
and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus, appellant may not file an amended notice of appeal to
correct jurisdictional defects.  State v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App.
2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness
of the plea.  See Cooper v. State,
45 S.W.2d 77, 83 (Tex. Crim. App. 2001) (holding that appellant who files
general notice of appeal may not appeal voluntariness of negotiated plea).  








Moreover, appellant signed a written waiver of his right to
appeal.  Despite having waived the right
to appeal, appellant filed a notice of appeal. 
Appellant chose to enter into an agreement that included a waiver of the
right to appeal.  Appellant was informed
of his right to appeal, knew with certainty the punishment he would receive, and
that he could withdraw his plea if the trial court did not act in accordance
with the plea agreement.  As appellant
was fully aware of the consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App..CHouston [14th
Dist.] July 26, 2001, pet. granted)
(quoting Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48
(1984)).  See also Blanco v. State,
18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d
275, 278 (Tex. App.CHouston [1st Dist.] 2001, no
pet.).  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed June 20, 2002.

Panel consists of Chief Justice
Brister and Justices Anderson and Frost.

Do Not Publish ‑ Tex. R. App. P. 47.3(b).