Dismissed and Opinion filed June 20, 2002















Dismissed and
Opinion filed June 20, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00545-CR

____________

 

DERRICK L. RANEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 856,498

 

 

 

M E M O R A
N D U M   O P I N I O N

            Appellant
pled guilty to the felony offense of possession of phenycyclidine on April 4, 2001.  In accordance with the terms of a plea
bargain agreement with the State, the trial court sentenced appellant to five
years confinement, probated, and a $300 fine. 
As part of the plea bargain agreement, appellant signed a written waiver
of his right to appeal.  Because
appellant has waived his right to appeal, we dismiss. 

            Appellant
pled guilty and the trial court followed the plea bargain agreement in
assessing punishment.  Despite having
waived the right to appeal, appellant filed a notice of appeal.  Appellant chose to enter into an agreement
that included a waiver of the right to appeal. 
Appellant was informed of his right to appeal, knew with certainty the
punishment he would receive, and that he could withdraw his plea if the trial
court did not act in accordance with the plea agreement.  As appellant was fully aware of the
consequences 








when he waived
his right to appeal, it is “not unfair to expect him to live with those
consequences now.”  Alzarka v. State, 60 S.W.3d 203, 206 (Tex. App.—Houston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S. Ct. 2543,
2547–48, 81 L. Ed.2d 437 (1984)).  See also Blanco v. State,
18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.). 


            Accordingly,
we dismiss the appeal.  

 

                                                                                    PER
CURIAM

 

Judgment
rendered and Opinion filed June 20, 2002.

Panel consists
of Yates, Seymore, and Guzman.

Do Not Publish —
Tex. R. App. P. 47.3(b).