Dismissed and Opinion filed June 27, 2002









Dismissed and Opinion filed June 27, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00546-CR

____________

 

JOSE GABRIEL RODRIGUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
263rd District Court

Harris County,
Texas

Trial Court Cause
No. 901,253

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
pled guilty to driving while intoxicated, third offense, on April 9, 2002.  In accordance with the terms of a plea
bargain agreement with the State, the trial court sentenced appellant to five
years confinement in the Texas Department of Criminal Justice--Institutional
Division.  Because we have no
jurisdiction over this appeal and because appellant waived his right to appeal,
we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428 (Tex. Crim.
App. 2001).  Appellant filed a
timely general notice of appeal that did not comply with the requirements of
Rule 25.2(b)(3) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v. Riewe, 13 S.W.3d 408,
413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).  

Moreover,
as we have noted, appellant pled guilty and the trial court followed the plea
bargain agreement in assessing punishment. 
As part of the plea bargain agreement, appellant signed a written waiver
of his right to appeal.  Despite having
waived the right to appeal, appellant filed a notice of appeal.  Appellant chose to enter into an agreement
that included a waiver of the right to appeal. 
Appellant was informed of his right to appeal, knew with certainty the
punishment he would receive, and that he could withdraw his plea if the trial
court did not act in accordance with the plea agreement.  As appellant was fully aware of the
consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka
v. State, 60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted)
(quoting Mabry v. Johnson, 467 U.S. 504, 104 S.Ct.
2543, 2547-48, 81 L.Ed.2d 437 (1984)).  See
also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  








Accordingly,
we dismiss the appeal (1) for want of jurisdiction, and (2) because appellant
waived his right to appeal.  

 

PER CURIAM

 

 

Judgment rendered and Opinion filed June 27, 2002.

Panel consists of Justices Hudson, Fowler, and
Edelman. 

Do Not Publish C Tex. R. App. P. 47.3(b).