Dismissed and Opinion filed June 27, 2002









Dismissed and Opinion filed June 27, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00547-CR

____________

 

GUILLERMO PALACIOS MENDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
338th District Court

Harris
County, Texas

Trial Court Cause
No. 906,479

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
entered a plea of guilty to the offense of driving while intoxicated.  In accordance with the terms of a plea
bargain agreement with the State, on April 17, 2002, the trial court sentenced
appellant to confinement for three years in the the Institutional Division of
the Texas Department of Criminal Justice. 
Because we have no jurisdiction over this appeal, we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a timely general notice of
appeal that did not comply with the requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus, appellant may not file an amended notice of appeal to
correct jurisdictional defects.  State
v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  

Moreover,
appellant signed a written waiver of his right to appeal when he entered his
plea.  The trial court followed the plea
bargain agreement in assessing punishment. 
Despite having waived the right to appeal, appellant filed a notice of
appeal.  Appellant chose to enter into an
agreement that included a waiver of the right to appeal.  Appellant was informed of his right to
appeal, knew with certainty the punishment he would receive, and that he could
withdraw his plea if the trial court did not act in accordance with the plea
agreement.  As appellant was fully aware
of the consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.CHouston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48 (1984)).  See also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278
(Tex. App.CHouston [1st Dist.] 2001, no
pet.).  

 








Accordingly,
we dismiss the appeal for want of jurisdiction. 


 

 

 

PER CURIAM

 

 

Judgment rendered and Opinion filed June 27, 2002.

Panel consists of Chief Justice Brister and Justices
Anderson and Frost.

Do Not Publish C Tex. R. App. P. 47.3(b).