Dismissed and Opinion filed July 11, 2002









Dismissed and Opinion filed July 11, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00665-CR

____________

 

ESTHER LAMBERT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 179th District Court

Harris
County, Texas

Trial
Court Cause No. 904,388

 



 

M E M O R A N D U M  O P I N I O N

After a guilty plea, appellant was convicted of the offense
of driving while intoxicated and sentenced on March 7, 2002, to six years in
the Texas Department of Criminal Justice, Institutional Division, probated, and
a $500 fine.  The judgment also required
appellant, in conformance with the plea agreement, to perform 300 hours of
community service, and to pay restitution of $26,003.49.  Appellant filed a timely motion for new trial
on April 3, 2002.  Appellant=s notice of appeal was not filed
until June 20, 2002. Appellant did not file a motion for extension of time to
file the notice of appeal.








A defendant=s notice of appeal must be filed within ninety days after
sentence is imposed when the defendant has filed a motion for new trial.  See Tex.
R. App. P. 26.2(a)(2).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim.
App. 1998).  If an appeal is not timely
perfected, a court of appeals does not obtain jurisdiction to address the
merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.  See id.

There is an additional reason for dismissing this
appeal.  Appellant pled guilty and the
trial court followed the plea bargain agreement in assessing punishment.  Despite having waived the right to appeal,
appellant filed a notice of appeal. 
Appellant chose to enter into an agreement that included a waiver of the
right to appeal.  Appellant was informed
of her right to appeal, knew with certainty the punishment she would receive,
and that she could withdraw his plea if the trial court did not act in
accordance with the plea agreement.  As
appellant was fully aware of the consequences when she waived her right to
appeal, it is Anot unfair to expect [her] to live
with those consequences now.@  Alzarka
v. State, 60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted)
(quoting Mabry v. Johnson, 467 U.S. 504, 104 S.Ct.
2543, 2547-48, 81 L.Ed.2d 437 (1984)).  See
also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

Judgment rendered and Opinion
filed July 11, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Do Not Publish ‑ Tex. R. App. P. 47.3(b).