Dismissed and Opinion filed August 29, 2002









Dismissed
and Opinion filed August 29, 2002.




 
 
 
  
 
 
 




In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00823-CR

____________

 

DANNY THOMPSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
228th District Court

Harris
County, Texas

Trial Court Cause
No. 851,617

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
entered a plea of guilty to the offense of tampering with a government
record.  In accordance with the terms of
a plea bargain agreement with the State, on August 23, 2001, the trial court
sentenced appellant to confinement for twenty-five years in the the
Institutional Division of the Texas Department of Criminal Justice.  Because we have no jurisdiction over this
appeal, we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant=s general notice of appeal did not
comply with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus, appellant may not file an amended notice of appeal to
correct jurisdictional defects.  State
v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  The trial court also included in the record
in this appeal a signed letter stating the court did not give appellant
permission to appeal.  Therefore, we are
without jurisdiction to consider any of appellant=s issues.

Moreover,
as part of the plea bargain agreement, appellant signed a written waiver of his
right to appeal.  The trial court
followed the plea bargain agreement in assessing punishment.  Despite having waived the right to appeal,
appellant filed a notice of appeal. 
Appellant chose to enter into an agreement that included a waiver of the
right to appeal.  Appellant was informed
of his right to appeal, knew with certainty the punishment he would receive,
and that he could withdraw his plea if the trial court did not act in
accordance with the plea agreement.  As
appellant was fully aware of the consequences when he waived his right to
appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48 (1984)).  See also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278
(Tex. App.CHouston [1st Dist.] 2001, no
pet.).  

Accordingly,
we dismiss the appeal.  

PER CURIAM

 

Judgment rendered and Opinion filed August 29, 2002.

Panel consists of Chief Justice Brister and Justices
Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.3(b).