Dismissed and Opinion filed September 5, 2002









Dismissed and Opinion filed September 5, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00889-CR

____________

 

JAMES THOMAS McSHAN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 183rd District Court

Harris County, Texas

Trial
Court Cause No. 901,458

 



 

M E M O R A N D U M   O P I N I O N

After a guilty plea, appellant was convicted of the offense
of felony driving while intoxicated and sentenced to confinement for
twenty-five years in the Institutional Division of the Texas Department of
Criminal Justice on July 1, 2002.  No
motion for new trial was filed. 
Appellant=s notice of appeal was not filed until August 22, 2002.








A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of
appeal which complies with the requirements of Rule 26 is essential to vest the
court of appeals with jurisdiction.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If
an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
See id.

Moreover, appellant entered a plea of guilty pursuant to an
agreed recommendation for punishment, and the trial court followed the plea
bargain agreement in assessing punishment. 
As part of the agreement, appellant signed a written waiver of his right
to appeal.  Despite having waived the
right to appeal, appellant filed a notice of appeal.  Appellant chose to enter into an agreement
that included a waiver of the right to appeal. 
Appellant was informed of his right to appeal, knew with certainty the
punishment he would receive, and that he could withdraw his plea if the trial
court did not act in accordance with the plea agreement.  As appellant was fully aware of the
consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka
v. State, 60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted)
(quoting Mabry v. Johnson, 467 U.S. 504, 104 S.Ct.
2543, 2547-48 (1984)).  See also
Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed September 5, 2002.

Panel consists of Chief Justice
Brister and Justices Hudson and Fowler.

Do Not Publish ‑ Tex. R. App. P. 47.3(b).