Dismissed and Opinion filed September 19, 2002









Dismissed and Opinion filed September 19, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00661-CR

NO. 14-02-00662-CR

____________

 

JEFFREY ALLEN PALMER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
230th District Court

Harris
County, Texas

Trial Court Cause
Nos. 907,787 & 907,807

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
entered guilty pleas to aggravated robbery of two individuals on May 15,
2002.  In accordance with the terms of
plea bargain agreements with the State, the trial court sentenced appellant to
confinement for twenty years in the Institutional Division of the Texas
Department of Criminal Justice in each case. 
Because we have no jurisdiction over these appeals, we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428 (Tex. Crim.
App. 2001).  Appellant filed a pro
se general notice of appeal for both cases that did not comply with the
requirements of Rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus, appellant may not file an amended notice of appeal to
correct jurisdictional defects.  State v. Riewe, 13 S.W.3d 408,
413-14 (Tex. Crim. App. 2000).  The trial court specifically noted in the
records that it did not grant appellant permission to appeal.  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).  








Moreover,
appellant signed written waivers of his right to appeal when he entered his
pleas, and the trial court followed the plea bargain agreements in assessing
punishment.  Despite having waived the
right to appeal, appellant filed a notice of appeal.  Appellant chose to enter into agreements that
included a waiver of the right to appeal. 
Appellant was informed of his right to appeal, knew with certainty the
punishment he would receive, and that he could withdraw his pleas if the trial
court did not act in accordance with the plea agreements.  As appellant was fully aware of the
consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka
v. State, 60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted)
(quoting Mabry v. Johnson, 467 U.S. 504, 104 S.Ct.
2543, 2547-48, (1984)).  See also
Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  

Accordingly,
we dismiss the appeals for want of jurisdiction.  

 

PER CURIAM

 

Judgment rendered and Opinion filed September 19,
2002.

Panel consists of Chief Justice Brister
and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.3(b).