Dismissed and Opinion filed September 19, 2002









Dismissed
and Opinion filed September 19, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00764-CR

____________

 

RONALD LEE HOGAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
248th District Court

Harris County,
Texas

Trial Court Cause
No. 912,680

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
pled guilty to the offense of forgery of a commercial instrument on July 15,
2002.  In accordance with the terms of a
plea bargain agreement with the State, the trial court sentenced appellant to
three years= incarceration in the Texas
Department of Criminal Justice, Institutional Division.  As part of the plea bargain agreement,
appellant signed a written waiver of his right to appeal.  We dismiss the appeal. 








Appellant
pled guilty and the trial court followed the plea bargain agreement in
assessing punishment.  Despite having
waived the right to appeal, appellant filed a notice of appeal.  Appellant chose to enter into an agreement
that included a waiver of the right to appeal. 
Appellant was informed of his right to appeal, knew with certainty the
punishment he would receive, and that he could withdraw his plea if the trial
court did not act in accordance with the plea agreement.  As appellant was fully aware of the
consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48, 81 L.Ed.2d 437
(1984)).  See also Blanco v. State,
18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d
275, 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  

There is
an additional basis for dismissing this appeal. 
To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428
(Tex. Crim. App. 2001).  Appellant filed
a timely general notice of appeal that did not comply with the requirements of
Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 25.2(b)(3).  Rule
25.2(b)(3) provides that when an appeal is from a judgment rendered on a
defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v.
Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  

Accordingly, we dismiss the appeal.  








PER CURIAM

 

 

 

Judgment rendered and Opinion filed September 19,
2002.

Panel consists of Justices Edelman, Seymore, and
Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).