Dismissed and Opinion filed October 3, 2002









Dismissed
and Opinion filed October 3, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-00836-CR;

          14-02-00837-CR;

         14-02-00838-CR

____________

 

MACADIO RODGUEZ SLOAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
184th District Court

Harris County,
Texas

Trial Court Cause
Nos. 909,816; 909,657 & 909,656

 



 

M E M O R
A N D U M   O P I N I O N








Appellant
pled guilty on June 20, 2002, to the offenses of aggravated robbery, aggravated
assault, and evading arrest.  In
accordance with the terms of a plea bargain agreement with the State, the trial
court sentenced appellant in cause numbers 909,816 and 909,657 to twenty-five
years= incarceration in the Texas
Department of Criminal Justice, Institutional Division.  In accordance with the terms of a plea
bargain with the State, the trial court sentenced appellant in cause number
909,656 to one year in the State Jail Division of the Texas Department of
Criminal Justice.  As part of the plea
bargain agreements, appellant signed a written waiver of his right to appeal.  Because appellant has waived his right to
appeal, we dismiss. 

Appellant
pled guilty in both causes and the trial court followed the plea bargain
agreements in assessing punishment. 
Despite having waived the right to appeal, appellant filed a notice of
appeal.  Appellant chose to enter into an
agreement that included a waiver of the right to appeal.  Appellant was informed of his right to
appeal, knew with certainty the punishment he would receive, and that he could
withdraw his plea if the trial court did not act in accordance with the plea
agreement.  As appellant was fully aware
of the consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka
v. State, 60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted)
(quoting Mabry v. Johnson, 467 U.S. 504, 104 S.Ct.
2543, 2547-48, 81 L.Ed.2d 437 (1984)).  See
also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.). 

Appellant=s counsel on appeal filed a
memorandum of law raising grounds for continuing the appeals.  Counsel argues that she was not appointed
until after the time for filing motions for new trial.  Counsel further argues that appellant apprised the trial court of his desire for appointed counsel
on appeal and of his claim that trial counsel was ineffective.

Counsel=s arguments do not address the basis
for dismissalBthat appellant voluntarily waived his
right to appeal as part of his plea bargain agreements with the State.  Accordingly, appellant=s response to our notice of dismissal
raises no grounds for continuing these appeals. 

We
dismiss the appeals.  

PER CURIAM

Judgment rendered and Opinion filed October 3, 2002.

Panel consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).