Dismissed and Opinion filed October 10, 2002









Dismissed and Opinion filed October 10, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00556-CR

NO. 14-02-00557-CR

____________

 

BRANDON PAUL VIATOR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
232nd District Court

Harris
County, Texas

Trial Court Cause
Nos. 910,486 & 910,487

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
entered guilty pleas to two offenses of burglary of a habitation with intent to
commit theft.  In accordance with the
terms of a plea bargain agreement with the State, on May 14, 2002, the trial
court sentenced appellant to confinement for fourteen years in the
Institutional Division of the Texas Department of Criminal Justice, with the
sentences to run concurrently.  We
dismiss these appeals for want of jurisdiction.








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a timely general notice of
appeal that did not comply with the requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The trial court specifically noted in the
record that permission to appeal was not granted and no pretrial motions were
heard.  The time for filing a proper
notice of appeal has expired; thus, appellant may not file an amended notice of
appeal to correct jurisdictional defects. 
State v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App.
2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  

Moreover,
appellant signed written waivers of his right to appeal as part of his plea
bargain agreements.  The trial court
followed the plea bargain agreements in assessing punishment.  Appellant chose to enter into agreements that
included a waiver of the right to appeal. 
Appellant was informed of his right to appeal, knew with certainty the
punishment he would receive, and that he could withdraw his plea if the trial
court did not act in accordance with the plea agreements.  As appellant was fully aware of the
consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48 (1984)).  See also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278
(Tex. App.CHouston [1st Dist.] 2001, no
pet.).  








Accordingly,
we dismiss the appeals.  

 

 

PER CURIAM

 

Judgment rendered and Opinion filed October 10, 2002.

Panel consists of Chief Justice Brister and Justices
Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.3(b).