Dismissed and Opinion filed October 24, 2002









Dismissed and Opinion filed October 24, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01065-CR

____________

 

RICHARD CASARES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 185th District Court

Harris County, Texas

Trial
Court Cause No. 916,801

 



 

M E M O R A N D U M  O
P I N I O N

After a guilty plea, appellant was convicted of the offense
of burglary of a habitation with the intent to commit theft and sentenced to 25
years= confinement in the Texas Department
of Criminal Justice--Institutional Division on August 16, 2002.  No motion for new trial was filed.  Appellant=s notice of appeal was not filed
until September 27, 2002.








A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
See id.  

Moreover, appellant entered into a plea bargain agreement
with the State and the trial court sentenced appellant in accordance with that
agreement.  To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428
(Tex. Crim. App. 2001).  Appellant filed
a general notice of appeal that did not comply with the requirements of Rule
25.2(b)(3) of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 25.2(b)(3).  Rule
25.2(b)(3) provides that when an appeal is from a judgment rendered on a
defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v.
Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  








Finally, as part of the plea bargain agreement, appellant
signed a written waiver of his right to appeal. 
As we stated, appellant pled guilty and the trial court followed the
plea bargain agreement in assessing punishment. 
Despite having waived the right to appeal, appellant filed a notice of
appeal.  Appellant chose to enter into an
agreement that included a waiver of the right to appeal.  Appellant was informed of his right to
appeal, knew with certainty the punishment he would receive, and that he could
withdraw his plea if the trial court did not act in accordance with the plea
agreement.  As appellant was fully aware
of the consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48, 81 L.Ed.2d 437
(1984)).  See also Blanco v. State,
18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d
275, 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  

Accordingly, for the reasons stated above, the appeal is
ordered dismissed.

 

PER CURIAM

Judgment rendered and Opinion
filed October 24, 2002.

Panel consists of Justices Yates,
Anderson, and Frost. 

Do Not Publish ‑ Tex. R. App. P. 47.3(b).