Dismissed and Opinion filed October 31, 2002









Dismissed
and Opinion filed October 31, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00923-CR

____________

 

CHRISTOPHER JAMES SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
183rd District Court

Harris County,
Texas

Trial Court Cause
No. 904,370

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
pled guilty to the offense of sexual assault of a child on August 20,
2002.  In accordance with the terms of a
plea bargain agreement with the State, the trial court sentenced appellant to
imprisonment for two years in the Texas Department of Criminal Justice,
Institutional Division.  As part of the
plea bargain agreement, appellant signed a written waiver of his right to
appeal.  Appellant also filed a general
notice of appeal that does not comply with Tex.
R. App. P. 25.2(b)(3).  Because
appellant has not invoked this court=s jurisdiction and has waived his
right to appeal, we dismiss. 








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a timely general notice of
appeal that did not comply with the requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v.
Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  

Additionally,
appellant waived the right to appeal. 
Appellant chose to enter into an agreement that included a waiver of the
right to appeal.  Appellant was informed
of his right to appeal, knew with certainty the punishment he would receive,
and that he could withdraw his plea if the trial court did not act in
accordance with the plea agreement.  As
appellant was fully aware of the consequences when he waived his right to
appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka v. State,
60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted) (quoting
Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48, 81 L.Ed.2d 437
(1984)).  See also Blanco v. State,
18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d
275, 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  

Accordingly,
we dismiss the appeal.  

PER CURIAM

 

Judgment rendered and Opinion filed October 31, 2002.

Panel consists of Justices Edelman, Seymore, and
Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).