Dismissed and Opinion filed November 27, 2002









Dismissed and Opinion filed November 27, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01087-CR

____________

 

JONAS REGINALD ROBINSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 185th District Court

Harris County, Texas

Trial
Court Cause No. 922,303

 



 

M
E M O R A N D U M  O
P I N I O N

Appellant entered a plea of guilty to possession of
cocaine.  In accordance with the terms of
a plea bargain agreement with the State, on September 17, 2002, the trial court
sentenced appellant to confinement for five years in the Institutional Division
of the Texas Department of Criminal Justice. 
Because we have no jurisdiction over this appeal, we dismiss.  








To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a timely general notice of
appeal that did not comply with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  In this case, the trial court specifically
noted on appellant=s notice of appeal that permission to appeal was denied.

The time for filing a proper notice of appeal has expired;
thus, appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v. Riewe, 13 S.W.3d 408,
413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).  








Moreover, appellant signed a written waiver of his right to
appeal as part of his plea bargain agreement. The trial court followed the plea
bargain agreement in assessing punishment. 
Despite having waived the right to appeal, appellant filed a notice of
appeal.  Appellant chose to enter into an
agreement that included a waiver of the right to appeal.  Appellant was informed of his right to
appeal, knew with certainty the punishment he would receive, and that he could
withdraw his plea if the trial court did not act in accordance with the plea
agreement.  As appellant was fully aware
of the consequences when he waived his right to appeal, it is Anot unfair to expect him to live with
those consequences now.@  Alzarka
v. State, 60 S.W.3d 203, 206 (Tex. App.BHouston [14th Dist.] July 26, 2001, pet. granted)
(quoting Mabry v. Johnson, 467 U.S. 504, 104 S.Ct.
2543, 2547-48, 81 L.Ed.2d 437 (1984)).  See
also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  

Accordingly, we dismiss the appeal for want of
jurisdiction.  

 

PER CURIAM

 

Judgment rendered and Opinion
filed November 27, 2002.

Panel consists of Chief Justice Brister and Justices Edelman and Seymore.

Do Not Publish C Tex. R. App. P. 47.3(b).